individual interests are affected or not. Having imposed this general and public duty, the legislature has next proceeded to declare some of the consequences of its omission." The case only concerned these declared consequences, and liability was affirmed because of the expression of the statute, and not because of any general duty arising from the earlier part of the section. For these reasons I am of opinion that the complaint should have been dismissed at the trial. Judgment reversed, and new trial granted, with costs to abide the event. All concur.

CAMPBELL *v.* AMERICAN ZYLONITE CO.

*(Superior Court of New York City, General Term.* May 7, 1888.)

CORPORATIONS—ISSUE OF STOCK CERTIFICATE—AGREEMENT OF STOCKHOLDERS.
　　After a lawful agreement had been entered into by the stockholders of defendant, by which new obligations were imposed on the stock, plaintiff purchased some of the shares. *Held,* that plaintiff. took the shares subject to the agreement of the stockholders, and can only demand of defendant a certificate in accordance with the requirements of such agreement.

Appeal from special term.

Action by George Campbell against the American Zylonite Company, to compel the issuance to him of a certificate of 100 shares of stock, which he had bought from one Felt. The opinion of Judge O'GORMAN at special term is as follows: "On September 4, 1885, the plaintiff became the holder and owner of one hundred shares of the capital stock of the defendant company, by purchase of the same for value. The title to this stock was derived from one Felt, who was then, and continues to be, the owner of record of the shares on the books of the defendant company. The plaintiff, at the time of his purchase, received the certificate for the shares, duly assigned by Felt in blank, together with a power of attorney, duly executed in blank. On October 19, 1885, the plaintiff made formal demand on the defendant company for the transfer of said one hundred shares to his name on the books of the company, and for the issue to him of a certificate of ownership of said shares in place of that held by him, and then offered by him to be surrendered. The defendant company refused absolutely and unconditionally to accede to this demand, or any part thereof, or to recognize the plaintiff as having any rights whatever by reason of his equitable ownership of said shares. The defendant company was not justified in such absolute refusal, and a cause of action thereupon accrued to the plaintiff against the defendant. The possession of this certificate, assignment, and power of attorney in blank, did not, however, create any contract relation between the plaintiff and defendant, or any novation in favor of the plaintiff of the original contract between the company and Felt, as holder of record on the books of the company of these one hundred shares. On the contrary, Felt, while continuing to be holder of these shares on the books of the company, was, as to these shares, a member of the corporation, with all the rights attaching to such membership, including the right to vote as a stockholder of said shares. On May 22, 1885, before the purchase of these one hundred shares by the plaintiff, an agreement was entered into between the stockholders of the defendant company, to which agreement said Felt, representing these one hundred shares, and voting as stockholder, assented, whereby certain new obligations were imposed on the stock of the company, including the shares of which plaintiff was the equitable owner. This agreement was not in itself bad or unlawful, or beyond the power vested in the defendant by its charter and the law, and it was assented to and ratified by all the stockholders on record of the defendant corporation, including said Felt. Felt, as a stockholder, representing these one hundred shares, was bound by this agreement, as was also the plaintiff, whose title to the shares was derived from said Felt. When, therefore, the defendant, after the commencement of this action, made tender to the plaintiff of a certificate of ownership of these

one hundred shares, in the form and substance required by the said agreement, and subject to the obligations on said stock imposed by the agreement, it did then what it should have done before the commencement of the action, and plaintiff is entitled to demand no other certificate than that set forth in defendant's answer as having been then tendered. The defendant, however, having made the first fault by absolutely ignoring the rights, and absolutely refusing to comply with the demand, of the plaintiff, when made before the commencement of this action, was in the wrong, and made this action necessary. The plaintiff is therefore entitled to judgment for the relief demanded in his complaint, except in this: that the new certificate to be issued to him by the defendant shall be in accordance with the requirements of said agreement, and such as other stockholders have been and are entitled to by virtue thereof."

*Wilmot & Page,* for appellant.   *Chas. Howard Williams,* for respondent.

PER CURIAM. By the judgment appealed from the plaintiff obtained all the relief he was entitled to. The record discloses no error. The judgment should be affirmed, with costs, upon the opinion delivered by the learned judge at special term.

---

### REDMOND *v*. AMERICAN MANUF'G CO.

*(Superior Court of New York City, General Term.* January 7, 1889.)

DAMAGES—MEASURE—REFUSAL TO ACCEPT GOODS SOLD—EVIDENCE.
   Where plaintiff manufactured property for sale to defendant, who had the option to purchase or return it, and he refused to do either, the measure of damages for its detention is the interest on its value from the time of demand, in the absence of evidence that plaintiff could have made any use of it, except to sell it; and in an action to recover it or its value, and damages for its detention, evidence of the value of its use during such detention is inadmissible.

Appeal from jury term.

Action by Daniel M. Redmond against the American Manufacturing Company. Plaintiff appeals.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

*W. R. Spooner,* for appellant.   *C. E. Souther,* for respondent.

INGRAHAM, J. The only question presented on this appeal is the exception to the ruling of the court sustaining the defendant's objection to the testimony offered by the plaintiff as to the usable value of the machines sued for, during the period of their detention, and such evidence was excluded on the ground that the damages for the detention of the machines in question must be confined to interest upon the market value of the machines at the time of the demand. The complaint alleges that in the summer of 1883 plaintiff, being the inventor of certain machines, agreed with the defendant that plaintiff would manufacture and set up in the defendant's factory 14 machines, and that, at the expiration of a period named, defendant should have the option of returning said machines to plaintiff, or of purchasing the same, and paying plaintiff therefor a certain agreed price; that at the conclusion of such period defendant did not elect to purchase said machines, and pay therefor the agreed price or value thereof, and said defendant has since plaintiff duly demanded the said machines, on or about October 27, 1884, unlawfully detained the same, to the plaintiff's damage in the sum of $15,000; and demands judgment for the recovery of possession of said machines, or for the sum of $7,500, the value thereof, together with the sum of $15,000, his damages for the detention thereof, besides the costs of the action. Plaintiff introduced evidence tending to prove the contract set up in the complaint, and that the machines in question were manufactured for the defendant under the contract, and delivered to it. The theory upon which the case was tried by the plaintiff ap-